**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT of TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAMES R. GREEN, TDCJ # 1377818,** | § | |
| | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **Civil Action** |
| | § | **No. SA-7-CA-788-NSN** |
| **NATHANIEL A. QUARTERMAN,** | § | |
| **Texas Department of Criminal Justice** | § | |
| **Correctional Institutions Division Director,** | § | |
| | § | |
| **Respondent** | § | |

# M E M O R A N D U M   D E C I S I O N

Before the Court is Petitioner James R. Green's 28 U.S.C. § 2254 Habeas Corpus Petition (Docket Entry # 3) and Respondent's Answer (Docket Entry # 19) seeking dismissal of the Petition which this Court construes as a motion to dismiss. This Memorandum Decision is entered pursuant to 28 U.S.C. § 636(c) and the consent of the parties. (*See* Docket Entries ## 14, 17, 18.)

## I.

Petitioner Green pleaded nolo contendere in Bexar County to aggravated assault with serious bodily injury and was sentenced to eight years in *State v. Green*, No. 2006-CR-2124 (Tex. 186th Jud. Dist. Ct., *jmt. entered* June 21, 2006). Green did not directly appeal. His State habeas corpus application was denied. *Ex parte Green*, No. 67,242-1 (*denied* April 25, 2007).

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*,

502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).  Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds."  Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case.  *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief.  Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the state proceedings.  Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

Green contends his counsel was ineffective and his plea was unknowing and involuntary because he did not understand the plea agreement and his attorney coerced him to sign it.  He also claims his plea was involuntary because there was insufficient evidence to support the charge against him.  These claims are defied by the record and are conclusory.

Because a nolo plea is treated as an admission of guilt, the law applicable to a guilty plea is also applicable to a nolo plea.  *Carter v. Collins,* 918 F.2d 1198, 1200 n.1 (5th Cir. 1990).  A habeas petitioner has the burden of demonstrating his plea is invalid.  *Bonvillain v. Blackburn,* 780 F.2d 1248, 1251 (5th Cir.), *cert. denied,* 476 U.S. 1143 (1986).  Before accepting a guilty plea, the trial court must determine the defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).  A

federal habeas court will uphold a guilty plea if it was knowing, voluntary, and intelligent. *Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir.), *cert. denied,* 474 U.S. 838 (1985).

To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy. *Id.* at 689. In order to demonstrate prejudice, a petitioner must show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S. Ct. 838, 112 L. Ed. 2d 180 (1993). To show the requisite prejudice in a guilty plea situation the defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L .Ed. 2d 203 (1985).

The record shows Green's nolo contendere plea was fully informed, knowing, and voluntary. In the Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions (No.67,242-1 at 15-18), signed by Green, he acknowledged: he was charged with aggravated assault with serious bodily injury and such is a felony under Texas law punishable by a sentence of two to twenty years and a possible fine of up to $10,000; he understood the indictment and charges against him and he voluntarily pleaded no contest to the charge as alleged in the indictment; he understood the

- 3 -

proceedings against him and was mentally competent; he was satisfied with the representation of his counsel; he understood he had a right to trial by jury, the right to confront and cross-examine the witnesses against him, and he wished to waive these rights; and he received no promise from the prosecutor, his attorney, or the court except for the Plea Bargain.  Pursuant to the annexed Plea Bargain (*id.* at 19), also signed by Green, the parties recommended an eight year sentence and a fine of $1500.  Pursuant to the Waiver, Consent to Stipulation of Testimony and Stipulations (*id.* at 21-36), Green stipulated to the truth of the annexed indictment, San Antonio police reports, and witness statements stating on August 21, 2005, he intentionally, knowingly, and recklessly caused Carla Abernathy serious bodily injury by hitting her with his hand.

In conformance with the Plea Bargain, the trial court accepted Green's no contest plea to aggravated assault with serious bodily injury and sentenced him to eight years.  The State record shows the trial judge found Green's plea was knowing and voluntary, Green understood the proceedings against him and the consequences of his guilty plea, and he was competent.  Green's attorney certified Green had a rational and factual understanding of the charges and the proceedings, and was able to assist his attorney in developing possible defenses.

"[A] defendant ordinarily will not be permitted to refute testimony given under oath at a plea or sentencing hearing."  *U.S. v. McCord*, 618 F. 2d 389, 393 (5th Cir. 1980).  In *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977), the Supreme Court stated:

> [R]epresentations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.

The plea forms executed by Green are prima facie proof of the matters recited therein and his conclusory allegations are not sufficient to overcome the strong presumption of verity that attaches to them. *See Bonvillain v. Blackburn*, 780 F. 2d at 1250. Greens' claim the evidence is not sufficient to support the charge against him is defied by his admission to the offense accompanying his plea. *See U.S. v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989) ("A guilty plea 'is more than a confession which admits that the accused did various acts.' It is an 'admission that he committed the crime charged against him.'"). The record shows Green understood the consequences of his plea, it was knowing and voluntary, the plea was supported by a factual basis, and he was competent; because his plea was knowing and voluntary there is no predicate for his claim his counsel was ineffective or his plea was coerced. Green presented no evidence to the contrary and thus this claim is conclusory. *See Smallwood v. Johnson*, 73 F. 3d 1343, 1351 (5th Cir.) ("'a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding'"), *cert. denied*, 519 U.S. 883 (1996).

The State court's denial of Green's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *see Ex parte Green*, No. No. 67,242-1 at 55-57, and therefore this Court is compelled to reach the same conclusion. Green failed to introduce evidence sufficient to overcome the presumption of correctness applicable to the State court's determination his plea was knowing and voluntary. *See Parke v. Raley*, 506 U.S. 20, 35-37, 113 S. Ct. 517, 121 L. Ed. 2d 391 (1992) (§ 2254's presumption of correctness applies to state court's determination guilty plea was knowing and voluntary). Because Green failed to present a factual basis for his claims in state court, he is not entitled to a federal habeas corpus hearing. *See* 28 U.S.C.

§ 2254(e)(2).  Green's Petition is without legal or factual merit and must be denied.  Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson,* 79 F.3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F. 3d 255, 258-59 (5th Cir. 1994).  Green is not entitled to habeas relief or a hearing on his Petition because his claims are conclusory and refuted by the record.

### III.

Accordingly, Respondent's motion to dismiss (Docket Entry # 19) is **GRANTED**; Petitioner Green's § 2254 Habeas Corpus Petition (Docket Entry # 4) is **DENIED**; and this case is **DISMISSED**.  All other pending motions are **DENIED** as moot.

**SIGNED on February 28, 2008.**

*Nancy Stein Nowak*

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**